# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KATHLEEN TUCKER,** on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**MARIETTA AREA HEALTH CARE, INC. D/B/A MEMORIAL HEALTH SYSTEM,**<br><br>Defendant. | Case No. 2:22-cv-00184-SDM-EPD<br><br>**Judge Sarah D. Morrison**<br><br>**Magistrate Judge Elizabeth P. Deavers** |

## ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before this Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiffs and Defendant Marietta Area Health Care, Inc. d/b/a Memorial Health System ("MHS"). After reviewing Plaintiffs' unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1.    The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Class, the appointment of Plaintiffs Kathleen Tucker, Sharon Chaddock, Gerald Davis, Donna Acree, and Cindy Beaver as the Class Representatives, the appointment of Class Counsel for Plaintiffs and the Class, the approval of Postlethwaite & Netterville ("P&N") as the Settlement

---

[1] All capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

Administrator, the various forms of class relief provided under the terms of the settlement, and the proposed method of distribution of settlement benefits are fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2. The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Class:

> all natural persons residing in the United States who were sent a Notice Letter notifying them that their Private Information was compromised in the Data Breach. The Class specifically excludes: (i) all Persons who timely and validly request exclusion from the Class; (ii) the Judge assigned to evaluate the fairness of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Breach or who pleads *nolo contendere* to any such charge.[2]

3. The Court finds pursuant to Fed. R. Civ. P 23(e)(1)(A) that the Parties have provided sufficient information for it to be able to determine whether to give notice of settlement to the Class.

4. The Court finds pursuant to Fed. R. Civ. P. 23(e)(1 )(B)(i) that the terms of the Settlement Agreement appear to be fair, reasonable, and adequate such that it will likely be able to finally approve the Settlement Agreement under Fed. R. Civ. P. 23(e)(2) after the hearing on final approval of the Settlement Agreement. Specifically, the Court preliminarily finds: that the Named Plaintiffs and their counsel have adequately represented the putative Class, that the settlement negotiations were conducted at arm's length and were supervised by a well-respected mediator, that the Settlement Agreement treats class members equitably relative to each other, and that the relief offered by the Settlement Agreement appears to be adequate, taking into account: (a) the costs, risks, and delay of trial and appeal; (b) the effectiveness of any proposed method of

---

[2] "Data Breach" shall mean the cyberattack MHS experienced between July 10, 2021 and August 15, 2021 giving rise to the Litigation.

distributing relief to the class; including the method of processing class-member claims; (c) the terms of any proposed award of attorney's fees, including timing of payment; and (d) any agreement required to be identified under Rule 23(e)(3).

5. The Court further finds pursuant to Fed. R. Civ. P. 23(e)(1)(B)(ii) that it will likely be able to certify the Class for settlement purposes after the hearing on final approval of the Settlement Agreement, for the following reasons: the Class is ascertainable; it consists of roughly 216,478 Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that they are members of the Class and allege that they have been damaged by the same conduct as the other members of the Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

6. The Court appoints Plaintiffs Kathleen Tucker, Sharon Chaddock, Gerald Davis, Donna Acree, and Cindy Beaver as the Class Representatives.

7. The Court appoints Terence R. Coates (Markovits, Stock & DeMarco, LLC), Joseph M. Lyon (The Lyon Firm), Gary Mason (Mason LLP), and Jeffery S. Goldenberg (Goldenberg Schneider LPA) as Class Counsel for the Class.

8. The Court appoints P&N as the Settlement Administrator.

9. A Final Approval Hearing shall be held before the Court

on December 4, 2023 at 11:00 am for the following purposes:

    a. To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court;

    b. To determine whether to grant Final Approval, as defined in the Settlement Agreement;

    c. To determine whether the notice plan as conducted was appropriate;

    d. To determine whether the claims process under the Settlement is fair, reasonable, and adequate and should be approved by the Court;

    e. To determine whether the requested Class Counsel's combined attorneys' fees, of up to 1/3 of the Settlement Fund ($583,333.33), and litigation expenses up to $15,000.00, should be approved by the Court;

    f. To determine whether the settlement benefits are fair, reasonable, and adequate; and

    g. To rule upon such other matters as the Court may deem appropriate.

10. The Court approves, as to the form and content, the Notices (including the Short Form Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

11. The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

## SETTLLEMENT TIMELINE

| From Order Granting Preliminary Approval | |
|---|---|
| Defendant provides list of Class Members to the Settlement Administrator | +14 days |
| Long and Short Notices Posted on the Settlement Website | +14 days |
| Notice Deadline | +30 days |
| Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Awards | +76 days |
| Objection Deadline | +90 days |
| Exclusion Deadline | +90 days |
| Settlement Administrator Provide List of Objections/Exclusions to the Parties' counsel | +100 days |
| Claims Deadline | +120 days |
| | |
| **Final Fairness Hearing** | _____, 2023 |
| Motion for Final Approval | -14 days |
| | |
| **From Order Granting Final Approval** | |
| Effective Date | +31 days, assuming no appeal has been taken. See definition of Final in the Agreement. |
| Payment of Attorneys' Fees and Expenses Class Representative Service Awards | +45 days |
| Payment of Claims to Class Members | +65 days |
| Settlement Website Deactivation | +240 days |

12. In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

13. Additionally, all requests to opt out or object to the proposed Settlement must be received by the Settlement Administrator and/or filed with the Court no later than 60 days after the Notice Date. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect

indicating an intent not to participate in the settlement or be bound by this Agreement. Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, P&N, or Class Counsel. Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

14. Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with the Court within 60 days of the Notice Date and include each and all of the following:

(i) the name of the proceeding;

(ii) the Class Member's full name, current mailing address, and telephone number;

(iii) a statement of the specific grounds for the objection, as well as documents supporting the objection;

(iv) the identity of any attorneys representing the objector;

(v) a statement regarding whether the Class Member (or his/her attorney) intends to appear at the Final Approval Hearing;

(vi) a statement identifying all class action settlements objected to by the Class Member in the previous five (5) years; and

(vii) the signature of the Class Member or the Class Member's attorney.

Any Objection failing to include the requirements expressed above will be deemed to be invalid. Furthermore, any Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection.

15. All Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the

Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. The persons and entities who timely and validly request exclusion from the Class will be excluded from the Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval Order as to MHS in this Litigation.

16. Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against MHS.

17. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Class.

**IT IS SO ORDERED.**

\_\_\_\_s/ Sarah D. Morrison_____
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**