# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KATHLEEN TUCKER *et al*.,** on behalf of themselves and all others similarly situated, | Case No. 2:22-cv-00184-SDM-EPD |
| Plaintiffs, | **Judge Sarah D. Morrison** |
| v. | **Magistrate Judge Elizabeth P. Deavers** |
| **MARIETTA AREA HEALTH CARE, INC. D/B/A MEMORIAL HEALTH SYSTEM,** | **DECLARATION OF TERENCE R. COATES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| Defendant. | |

I, Terence R. Coates, hereby state that the following is true and accurate and based on my personal knowledge:

1. The Settlement Agreement reached by the parties was negotiated at arms'-length, and was the result of hard bargaining. The $1,750,000 non-reversionary common fund Settlement was reached only after a full-day of mediation on March 9, 2023 before Bennett Picker, Esq. – a highly respected data breach class action mediator - and after the Court had issued an opinion on the fully-briefed motion to dismiss. The Settlement Fund will resolve claims arising from the 2021 Data Incident that impacted approximately 213,657 individuals. These facts strongly support that there was no collusion within the settlement process.

2. The Settlement was reached after Defendant produced informal discovery responses addressing the number of individuals whose information was impacted in the Data Incident, the notice that was sent to those individuals broken down by state, the ransom response, cybersecurity enhancements Defendant implemented, and other information about the Data Incident.

1

**THE SETTLEMENT IS A SUBSTANTIAL RECOVERY FOR THE CLASS**

3. A $1,750,000 non-reversionary settlement for roughly 214,000 class members is a substantial recovery for the Class. Class Counsel's opinion that this $1,750,000 Settlement is fair and reasonable for the approximately 213,657 Class Members is informed by other data breach class action settlements based on the per class member recovery amount. For example, the following chart identifies the per class member value based on the common fund settlement amount for certain recent cases that also involved sensitive, private information such as Social Security Numbers:

| Case Name | Case Number | Settlement Amount | Class Size | Per Person |
|---|---|---|---|---|
| *Reynolds v. Marymount Manhattan College* | No. 1:22-cv-06846 (S.D.N.Y.) | $1,300,000 | 191,752 | $6.78 |
| *Julien v. Cash Express, LLC* | No. 2022-CV-221 (Putnam Cty., Tenn.) | $850,000 | 106,000 | $8.02 |
| **Tucker v. Marietta Area Health Care** | **No. 2:22-CV-00184 (S.D. Ohio)** | **$1,750,000** | **213,657** | **$8.19** |
| *Migliaccio v. Parker Hannifin Corp.* | No. 1:22-CV-00835 (N.D. Ohio) | $1,750,000 | 115,359 | $15.17 |

Class Counsel and Plaintiffs believe that the Settlement in this case is fair and reasonable in that it exceeds the settlement amount recovered per class member in certain other recent data breach class action settlements, especially considering that Defendant had limited financial resources in this case and had a wasting insurance policy with limited funds remaining on it when the settlement in this case was reached.

**THE CLASS OVERWHELMINGLY SUPPORTS THE SETTLEMENT**

4. A factor to consider in determining whether a settlement is fair, reasonable, and adequate is the Class's reaction to the settlement. As of November 17, 2023, of the approximately 188,710 Class Members who received direct notice of the Settlement, 13,235 Class Members submitted claims for compensation under the Settlement, meaning that 6.2% of the Class submitted

claims. A roughly 6.2% claims rate in a data breach settlement is a solid claims rate. Class Counsel have represented plaintiffs in many other data breach class action settlements, and understand that data breach class actions historically have received claims rates between 1-3%. In addition to the roughly 6.2% claims rate, no Class Member objected to the Settlement and only 11 Class Members requested to opt out of the Settlement. The roughly 6.2% claims rate and no objections to the Settlement are strong indicators that the Class overwhelming supports the Settlement.

5. The 6.2% claims rate also indicates that the notice program executed in this case was successful. In addition to the direct notice that was issued to Class Members, Postlethwaite & Netterville ("P&N"), the Settlement Administrator, posted the claims form, settlement agreement, long form notice, motion for preliminary approval, and the motion for attorneys' fees, expenses, and class representative service awards on the Settlement Website. Class Counsel worked closely with the Settlement Administrator to develop and implement the notice program preliminarily approved by the Court.

## CLASS COUNSEL'S EXPENSES

6. Under the Settlement, Class Counsel may seek up to 1/3 of the Settlement Fund ($583,333.33) as attorneys' fees and up to $15,000.00 in expenses. In my August 30, 2023 Declaration in Support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Class Representative Service Awards, Class Counsel listed expenses of $11,116.25.

## THE CLASS REPRESENTATIVES ACTIVELY PARTICIPATED IN THIS LITIGATION

7. Plaintiffs were active participants in this case, stayed informed about this litigation, reviewed and approved the settlement demand and final settlement amount and Settlement Agreement, and spent substantial time and effort protecting the Class's interests. Accordingly, the requested $5,000.00 Service Awards to the Class Representatives are reasonable given their efforts

3

on behalf of the Class in this matter. Furthermore, the Class Representative Service Awards here are less than what has been finally approved in other common fund data breach class action settlements. *Lutz v. Electromed, Inc.*, No. 0:21-cv-02198, 2023 WL 4362813, at *1 (D. Minn. July 6, 2023) (granting final approval of a class representative service award of $9,900 in a data breach class action).

8. Plaintiffs were informed about the status of settlement negotiations and remained engaged as the Class Representatives during the pendency of this matter. They have no conflicts with the Class they represent.

### **THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND A SUBSTANTIAL RECOVERY FOR THE CLASS**

9. Class Counsel believe the Settlement is fair, reasonable, and adequate. There are no undisclosed agreements made in connection with this Settlement.

10. Furthermore, in my experience in handling over 70 data breach class action cases for plaintiffs, I can confirm that the $1,750,000 non-reversionary common fund settlement is fair and reasonable for 213,657 Class Members especially considering the roughly 6.2% claims rate in this case. Accordingly, final approval of class action Settlement is warranted in this case.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on November 20, 2023, at Cincinnati, Ohio.

                                                 */s/ Terence R. Coates*
                                                 Terence R. Coates (0085579)