# EXHIBIT 2

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **KATHLEEN TUCKER** *et al*, on behalf of themselves and all others similarly situated | Case No. 2:22-cv-00184-SDM-EPD |
| Plaintiffs, | **Judge Sarah D. Morrison** |
| v. | |
| **MARIETTA AREA HEALTH CARE, INC. D/B/A MEMORIAL HEALTH SYSTEM,** | **Magistrate Judge Elizabeth P. Deavers** |
| Defendant. | |

## DECLARATION OF SETTLEMENT ADMINISTRATOR

I, Jordan Turner, hereby declare and verify as follows:

### I.     INTRODUCTION

1. ***Personal Information***. I am a Project Manager for the Court-appointed Settlement Administrator, Postlethwaite & Netterville, APAC ("P&N")[1]. P&N was retained as the Settlement Administrator in this case, and, as the Project Manager over this Settlement, I am personally familiar with the facts set forth in this declaration.

2. ***The Capacity and Basis of this Declaration and Verification***. I am over the age of 21. Except as otherwise noted, the matters set forth in this Declaration are based upon my personal knowledge, information received from the parties in this proceeding, and information provided by my colleagues at P&N and our partners.

### II.     BACKGROUND

3. ***Preliminary Approval***. On June 15, 2023, the Court entered its order preliminarily approving the Settlement Agreement and the appointment of P&N as Settlement Administrator. After the Court's preliminary approval of the Settlement, P&N began to implement and coordinate the Notice program.

---

[1] As of May 21, 2023, the Directors & employees of Postlethwaite & Netterville (P&N), APAC joined EisnerAmper as EAG Gulf Coast, LLC. Where P&N is named as an entity, EAG Gulf Coast, LLC employees will service work contracted with P&N.

4. ***The Purpose of this Declaration and Verification.*** I submit this Declaration to evidence P&N's compliance with the Preliminary Approval Order terms, to detail P&N's execution of its role as the Settlement Administrator, and to verify compliance with the Notice requirements contained in the Settlement Agreement, and the Court's Preliminary Approval Order.

### III. CLASS ACTION FAIRNESS ACT ("CAFA")

5. ***CAFA Notice.*** On June 8, 2023, pursuant to 28 U.S.C. §1715, P&N, on behalf of the Defendants, caused Notice of this settlement and related materials to be sent to the Attorneys General of all U.S. states, as well as the Attorney General of the United States. As of November 17, 2023, P&N has not received any objection or any other response from any Attorney General. A copy of the CAFA Notice and mail list are attached as **Exhibit A**.

### IV. CLASS ACTION NOTICE PROGRAM EXECUTION

6. ***Notice Database***. P&N maintains a database of 213,657 Class Members which was used to effectuate the Notice campaign as outlined within the Settlement Agreement. P&N received the class data from MHS's Counsel on June 2, 2023, in one Excel file with a total of 216,478 records. P&N de-duplicated the data records provided based on name and address and determined that 213,657 unique Class Members existed to which Notice should be issued as outlined within the Settlement Agreement.

7. ***Mail Notice***. P&N coordinated and caused the Settlement Short Notice to be mailed via First-Class Mail to Class Members for which a mailing address was available from the class data. The Settlement Short Notice included (a) the web address to the Settlement website for access to additional information, (b) rights and options as a Class Member and the dates by which to act on those options, the requested attorneys' fees, and (c) the date of the Final Approval Hearing. The Notice mailing commenced on July 17, 2023, in accordance with the Preliminary Approval Order. A true and correct copy of the Settlement Short Notice is attached hereto as **Exhibit B**, with a copy of the Settlement Long Notice and Claim Form.

8. ***Mailing Address Validation*** Prior to the mailing, all mailing addresses were checked against the National Change of Address (NCOA) database maintained by the United States Postal Service ("USPS"). In addition, the addresses were certified via the Coding Accuracy Support System (CASS) to ensure the quality of the zip code and verified through Delivery Point Validation (DPV) to verify the accuracy of the addresses. Of the 213,657

2

*Kathleen Tucker, et al v. Marietta Area Health Care, Inc., Case No. 2:22-cv-00184-SDM-EPD*
Declaration and Verification of Settlement Administrator

Class Member records, 5,054 records did not successfully pass the address validation procedures noted above.

9. ***Mail Notice Delivery***. In the initial mailing campaign, P&N executed mailings to the 208,603 Class Members that passed address validation. P&N also executed supplemental mailings to 6,655 Class Members, for which the initial Settlement Short Notice was not deliverable but for which P&N was able to obtain an alternative mailing address through (1) forwarding addresses provided by the USPS, (2) skip trace searches using the LexisNexis third-party vendor database, or (3) requests received directly from Class Members. Mail Notice delivery statistics are detailed in Section 13 below.

10. ***Settlement Post Office Box***. P&N maintains the following Post Office Box (the "P.O. Box") for the Settlement Program:

MHS Data Settlement Administrator
PO Box 5144
Baton Rouge, LA 70821

This P.O. Box serves as a location for the USPS to return undeliverable program mail to P&N and for Class Members to submit a Request for Exclusion, Objection, and other settlement-related correspondence. The P.O. Box address appears prominently in all Notices and in multiple locations on the Settlement website. P&N monitors the P.O. Box daily and uses a dedicated mail intake team to process each item received.

11. ***Settlement Website***. On July 17, 2023, P&N published the Settlement website, www.mhsdatasettlement.com. Visitors to the Settlement website can download the Settlement Long Notice (English and Spanish), the Claim Form (English and Spanish), as well as Court Documents, such as the Class Action Complaint, the Settlement Agreement, Motions filed by Class Counsel, and Orders of the Court. Visitors are also able to submit claims electronically, download a Claim Form to submit by mail, and find answers to frequently asked questions (FAQs), important dates and deadlines, and contact information for the Settlement Administrator. As of November 17, 2023, the Settlement Website received 15,229 unique visits.

12. ***Toll-Free Number***. On July 17, 2023, P&N established a dedicated toll-free telephone number, 1-844-709-1197 (the "Toll-Free Number"), which is available twenty-four hours per day. Class Members can call and

*3*

*Kathleen Tucker, et al v. Marietta Area Health Care, Inc., Case No. 2:22-cv-00184-SDM-EPD*
Declaration and Verification of Settlement Administrator

interact with an interactive voice response ("IVR") system that provides important settlement information and offers the ability to leave a voicemail message to address specific requests or issues. P&N also provided copies of the Settlement Long Notice and paper Claim Form, as well as the Settlement Agreement, upon request to Class Members, through the Toll-Free Number. The Toll-Free Number appeared in all Notices, as well as in multiple locations on the Settlement Website. The Toll-Free Number will remain active through the close of this Settlement Program.

13. ***Email Support***. P&N established an Email address, <u>info@mhsdatasettlement.com</u>, to provide an additional option for Class Members to address specific questions and requests to the Settlement Administrator for support.

<h3 style="text-align:center">V.    <u>NOTICE PROGRAM REACH</u></h3>

14. ***Notice Reach Results***. Through the Notice procedures outlined above, P&N attempted to send direct Notice to 213,657 (100%) Class Members. As of November 17, 2023, the Notice Program reached a total of 188,710 (88.3%) Class Members.[2] Table 1 below provides an overview of dissemination results for the Notice Program and reach statistics for the Notice Program.

| Table 1: Direct Notice Program Dissemination & Reach | | |
|---|---|---|
| **Description** | **Volume of Class Members** | **Percentage of Class Members (%)** |
| Class Members | 213,657 | 100.0% |
| Initial Notice Mailing | | |
| (+) Notices Mailed (Initial Campaign) | 208,603 | 97.6% |
| (-) Total Notices Returned as Undeliverable | 24,555 | 11.5% |
| Supplemental Notice Mailing | | |
| (+) Total Unique Notices Re-mailed | 6,655 | 3.1% |
| (-) Total Undeliverable (Re-Mailed) Notices | 1,993 | 0.9% |
| Direct Notice Program Reach | | |
| (=) Received Direct Notice | 188,710 | 88.3% |

---

[2] A Class Member is considered "reached" by direct Notice if a Notice mailed to the Class Member has not been returned by the USPS as undeliverable or, if a Notice mailed to the Class Member was returned by the USPS as undeliverable, a subsequent Notice was mailed to an alternative mailing address for the Class Member and was not returned.

4

*Kathleen Tucker, et al v. Marietta Area Health Care, Inc., Case No. 2:22-cv-00184-SDM-EPD*
Declaration and Verification of Settlement Administrator

## VI.  CLAIM ACTIVITY

15. ***Claim Intake and Processing***. The online claim submission feature was available beginning July 17, 2023, and the deadline to file a claim was October 15, 2023. As of November 17, 2023, P&N has received a total of 13,235 timely claims. Of these, P&N has determined that 13,052 claims (approximately 6.1% of the Class Members) are from Class Members and are non-duplicative claims. Table 1 below provides summary statistics of Claim submissions and current dispositions. Table 2 below provides a summary of the approved claims and estimated awards as of November 17, 2023. Assuming Class Counsel is awarded their requested fees and administrative costs as outlined in section 18, the pro rata payment is currently estimated to be $49.27. In accordance with the Settlement Agreement, P&N will provide claimants with deficiencies identified an opportunity to cure the defect. The estimated pro rata payment could decrease depending on the volume of deficient claim forms cured.

| Table 1: Claims Statistics (as of November 17, 2023) ||
| --- | --- |
| **Description** | **Volume (#)** |
| **Total Claims Received** | **13,235** |
| (-) Duplicate Claims Identified | 84 |
| (-) Invalid Claims | 87 |
| (-) Late Claims | 12 |
| **Net Claims** | **13,052** |

| Table 2: Approved Claims Summary (as of November 17, 2023) ||
| --- | --- |
| **Claim Form Category** | **Approved** |
| Number of Times Pro Rata Cash Payment | 11,470 |
| Estimated Pro Rata Cash Payments ($) | $565,126.90 |
| Number of Times Lost Hours Claimed | 4,561 |
| Total Hours | 12,550 |
| Total Hours ($) | $313,750.00 |
| Number of Times Out of Pocket Expenses | 4 |
| Out of Pocket Expenses ($) | $1,668.64 |
| **Total ($)** | **$880,545.54** |

## VII.  EXCLUSIONS AND OBJECTIONS

16. ***Exclusions (Opt-Outs) Received.*** P&N has received eleven (11) exclusion requests from a Class Member as of November 17, 2023. The deadline to submit a Request for Exclusion expired on September 15, 2023. A list of the individuals who have timely requested exclusion from the Settlement is attached as **Exhibit C.**

*5*

*Kathleen Tucker, et al v. Marietta Area Health Care, Inc., Case No. 2:22-cv-00184-SDM-EPD*
Declaration and Verification of Settlement Administrator

17. ***Settlement Objections.*** The Settlement Agreement directed objections be mailed to the Clerk of the Court and the Settlement Administrator. P&N has not received any objections from Class Members as of November 17, 2023. The deadline to object to the Settlement expired on September 15, 2023.

## VIII.  <u>NOTICE AND ADMINISTRATION COSTS</u>

18. ***Costs of Notice Program.*** P&N has incurred $209,866.68 in fees and costs completing the notice plan and administering the Settlement and anticipates incurring an additional $31,203.75 in fees and costs for a total administration cost of $241,070.43.

## IX.  <u>CERTIFICATION</u>

I, Jordan Turner, declare under the penalty of perjury under the laws of the State of Ohio that the foregoing is true and correct. Executed on this 17th day of November 2023 at Houston, Texas.


_____
Jordan Turner

# Exhibit A



8550 United Plaza Blvd., Ste. 1001 — Baton Rouge, LA 70809
225-922-4600 Phone — 225-922-4611 Fax — pncpa.com

June 5, 2023

**_By Certified Mail_**

Federal and State Officials
as listed in Attachment 1

**Re: NOTICE UNDER THE CLASS ACTION FAIRNESS ACT OF 2005, 28 U.S.C. § 1715(b),**
*Tucker v. Marietta Area Health Care. Inc., Case No. 2:22-cv-00184-SDM-EPD (S.D. Ohio)*

Dear Sir or Madam:

I send this letter and the enclosed disc to you on behalf of the Parties to the action referenced above (the "Parties") regarding the Motion for Preliminary Approval of a Proposed Settlement filed on May 16, 2023. This communication constitutes the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA").

The proposed settlement resolves the class action lawsuit brought by Kathleen Tucker, Sharon Chaddock, Gerald Davis, Donna Acree, and Cindy Beaver ("Representative Plaintiffs") against Marietta Area Health Care, Inc., dba Memorial Health System, ("MHS" or "Defendant") concerning a cyberattack experienced by MHS between July 10, 2021 and August 15, 2021 (the "Data Breach"). On January 19, 2022, Plaintiff Kathleen Tucker filed the first Complaint against Defendant for claims arising from the Data Breach. Subsequent related Complaints were filed, and on March 30, 2022, the Court entered an order consolidating the related actions. On April 29, 2022, Representative Plaintiffs filed the currently operative Consolidated Amended Complaint against MHS in the United States District Court for the Southern Division of Ohio.

Following the Court's dismissal of Count I (Negligence), Count II (Negligence Per Se), Count III (Breach of Express Contract), and Count IV (Breach of Implied Contract of the Consolidated Amended Complaint, the currently operative Consolidated Amended Complaint asserts the following remaining claims against MHS: breach of fiduciary duty and unjust enrichment. Defendant denies each and all of the claims and contentions alleged against it in the Consolidated Amended Complaint. Defendant denies all charges of wrongdoing or liability as alleged, or which could be alleged.

In accordance with 28 U.S.C. § 1715(b), the enclosed disc includes:
a. Exhibit 1: A copy of the first Class Action Complaint filed on January 19, 2022;
b. Exhibit 2: A copy of the Consolidated Amended Class Action Complaint filed on April 29, 2022;
c. Exhibit 3: A copy of the Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement filed on May 16, 2023;
d. Exhibit 4: Settlement Agreement filed on May 16, 2023 including the Class Notice Documents and the Proposed Order Granting Motion for Preliminary Approval as Exhibits A-D;
e. Exhibit 5: Per 28 U.S.C. §§ 1715(b)(7)(A)-(B), the names of potential class members by state. Settlement Class Members may submit a claim for a $50 pro-rata cash payment (may be increased or decreased pro rata), out-of-pocket expenses (up to $5,000), and Lost Time (up to four (4) total hours at a rate of $25 per hour capped at $100).



8550 United Plaza Blvd., Ste. 1001 — Baton Rouge, LA 70809
225-922-4600 Phone — 225-922-4611 Fax — pncpa.com

As of June 5, 2023, no hearings have yet been scheduled for this case.

There are no other agreements between Class Counsel and counsel for Defendant, there are no final judgments in this matter, and there are no written judicial opinions relating to the materials described under 28 U.S.C. §§ 1715(b)(3)-(6).

Thank you for your attention to this matter. Please contact us if you have any questions about this notice or the enclosed materials.

Sincerely,

Jordan Turner
Postlethwaite & Netterville as *Settlement Administrator*
*Tucker v. Marietta Area Health Care, Inc.*

cc by email:

Terence R. Coates
tcoates@msdlegal.com
MARKOVITS, STOCK & DEMARCO, LLC
119 E. Court Street, Suite 530
Cincinnati, OH 45202

Joseph M. Lyon
jlyon@thelyonfirm.com
THE LYON FIRM
2754 Erie Avenue
Cincinnati, OH 45208

Jeffery S. Goldenberg
GOLDENBERG SCHNEIDER, LPA
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242

Gary E. Mason
MASON, LLP
5101 Wisconsin Ave., NW, Suite 305
Washington, DC 20016

*Attorney for the Representative*
*Plaintiff and the Plaintiff Class(es)*

Drew H. Campbell
dcampbell@brickergraydon.com
Christopher Gordon
Cgordon@brickergraydon.com
BRICKER GRAYDON LLP
100 S. Third Street
Columbus, OH 43215

*Attorneys for Marietta Area Health Care, Inc.*
*dba Memorial Health System ("MHS")*

## CAFA Notice Service List
*Tucker v. Marietta Area Health Care. Inc., Case No. 2:22-cv-00184-SDM-EPD*

| Name1 | Name2 | Address1 | Address2 | Address3 | City | State | Zip |
|---|---|---|---|---|---|---|---|
| Office of the Attorney General | | 1031 W. 4th Avenue, Suite 200 | | | Anchorage | AK | 99501-1994 |
| Office of the Attorney General | | 501 Washington Avenue | PO Box 300152 | | Montgomery | AL | 36104 |
| Office of the Attorney General | | 323 Center Street, Suite 200 | | | Little Rock | AR | 72201-2610 |
| Office of the Attorney General | | PO Box 7 | | | Pago Pago | AS | 96799 |
| Office of the Attorney General | | 2005 N Central Ave | | | Phoenix | AZ | 85004-2926 |
| Office of the Attorney General | CAFA Coordinator, Consumer Law Section | 455 Golden Gate Avenue, Suite 11000 | | | San Francisco | CA | 94102 |
| Office of the Attorney General | | Ralph L. Carr Colorado Judicial Center | 1300 Broadway, 10th Floor | | Denver | CO | 80203 |
| Office of the Attorney General | | 165 Capitol Avenue | | | Hartford | CT | 06106 |
| Office of the Attorney General | | 441 4th Street NW, Suite 1100S | | | Washington | DC | 20001 |
| United States Office of the Attorney General | US Department of Justice | 950 Pennsylvania Ave, NW | | | Washington | DC | 20530-0001 |
| Office of the Attorney General | | 820 North French Street | 6th Floor | | Wilmington | DE | 19801 |
| Office of the Attorney General | | The Capitol | PL-01 | | Tallahassee | FL | 32399-1050 |
| Office of the Attorney General | | 40 Capitol Square SW | | | Atlanta | GA | 30334 |
| Office of the Attorney General | Administrative Division | 590 S. Marine Corps Dr., Suite 901 | | | Tamuning | GU | 96913 |
| Department of the Attorney General | | 425 Queen Street | | | Honolulu | HI | 96813 |
| Office of the Attorney General | | Hoover State Office Building | 1305 East Walnut Street | | Des Moines | IA | 50319 |
| Office of the Attorney General | | 954 West Jefferson Street, 2nd floor | PO Box 83720 | | Boise | ID | 83720-0010 |
| Office of the Attorney General | | 100 West Randolph Street | | | Chicago | IL | 60601 |
| Office of the Attorney General | | Indiana Government Center South | 302 West Washington Street, 5th Floor | | Indianapolis | IN | 46204 |
| Office of the Attorney General | | 120 SW 10th Ave, 2nd Floor | | | Topeka | KS | 66612-1597 |
| Office of the Attorney General | | 700 Capitol Avenue, Suite 118 | | | Frankfort | KY | 40601-3449 |
| Office of the Attorney General | | PO Box 94005 | | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | ATTN: CAFA Coordinator/General Counsel's Office | One Ashburton Place | | | Boston | MA | 02108 |
| Office of the Attorney General | | 200 St. Paul Place | | | Baltimore | MD | 21202 |
| Office of the Attorney General | | 6 State House Station | | | Augusta | ME | 04333 |
| Office of the Attorney General | | G. Mennen Williams Building | 525 West Ottawa Street | PO Box 30212 | Lansing | MI | 48909 |
| Office of the Attorney General | | 445 Minnesota Street, Suite 1400 | | | St Paul | MN | 55101-2131 |
| Office of the Attorney General | | Supreme Court Building | 207 West High Street | | Jefferson City | MO | 65102 |
| Office of the Attorney General | | Administrative Building | PO Box 10007 | | Saipan | MP | 96950 |
| Office of the Attorney General | | Walter Sillers Building | 550 High Street, Suite 11 | | Jackson | MS | 39201 |
| Office of the Attorney General | | Justice Building Third Floor | 215 North Sanders | | Helena | MT | 59601 |
| Office of the Attorney General | ATTN: Consumer Protection | 114 West Edenton Street | | | Raleigh | NC | 27603 |
| Office of the Attorney General | | State Capitol | 600 East Boulevard Avenue, Dept. 125 | | Bismarck | ND | 58505 |
| Office of the Attorney General | | 2115 State Capitol | PO Box 98920 | | Lincoln | NE | 68509 |
| Office of the Attorney General | | 33 Capitol Street | | | Concord | NH | 03301 |
| Office of the Attorney General | | RJ Hughes Justice Complex | 25 Market Street | PO BOX 080 | Trenton | NJ | 08625-0080 |
| Office of the Attorney General | ATTN: Farrah Diaz, Paralegal | 201 3rd St NW, Suite 300 | | | Albuquerque | NM | 87102 |
| Office of the Attorney General | | Old Supreme Court Building | 100 North Carson Street | | Carson City | NV | 89701 |
| Office of the Attorney General | | The Capitol | | | Albany | NY | 12224-0341 |
| Office of the Attorney General | | State Office Tower | 30 East Broad Street, 14th Floor | | Columbus | OH | 43215 |
| Office of the Attorney General | | 313 NE 21st Street | | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Oregon Department of Justice | 1162 Court Street NE | | | Salem | OR | 97301-4096 |
| Office of the Attorney General | | 16th Floor, Strawberry Square | | | Harrisburg | PA | 17120 |
| Office of the Attorney General | | PO Box 9020192 | | | San Juan | PR | 00902-0192 |
| Office of the Attorney General | ATTN: Lisa Pinsonneault/CAFA Notice | 150 South Main Street | | | Providence | RI | 02903 |
| Office of the Attorney General | | PO Box 11549 | | | Columbia | SC | 29211-1549 |
| Office of the Attorney General | | 1302 E. Highway 14, Suite 1 | | | Pierre | SD | 57501-8501 |
| Office of the Attorney General and Reporter | | PO Box 20207 | | | Nashville | TN | 37202 |
| Office of the Attorney General | | Capitol Station | PO Box 12548 | | Austin | TX | 78711-2548 |
| Office of the Attorney General | | Utah State Capitol Complex | 350 North State Street, Suite 230 | | Salt Lake City | UT | 84114-2320 |
| Office of the Attorney General | | 202 North Ninth Street | | | Richmond | VA | 23219 |
| Office of the Attorney General | | 34-38 Kronprindsens Gade | Gers Building, 2nd Floor | | St Thomas | VI | 00802 |
| Office of the Attorney General | | 109 State Street | | | Montpelier | VT | 05609 |
| Office of the Attorney General | | 1125 Washington Street SE | PO Box 40100 | | Olympia | WA | 98504-0100 |
| Office of the Attorney General | Wisconsin Department of Justice | PO Box 7857 | | | Madison | WI | 53707-7857 |
| Office of the Attorney General | | State Capitol | Building 1, Room E-26 | | Charleston | WV | 25305 |
| Office of the Attorney General | | Kendrick Building | 2320 Capital Avenue | | Cheyenne | WY | 82002 |

# Exhibit B

<u>Notice of Class Action Settlement</u>

# If you received a notice of a data breach from Marietta Area Health Care, Inc., dba Memorial Health System, you are entitled to submit a Claim for monetary compensation under a class action settlement.

**<u>Who is a Class Member?</u>** In the lawsuit *Tucker v. Marietta Area Health Care, Inc. dba Memorial Health System*, No. 2:2022-CV-184, United States District Court, Southern District of Ohio, you are a Class Member if your personal information was potentially compromised as a result of the cyber-attack that Marietta Area Health Care, Inc. dba Memorial Health System ("MHS") experienced between July 10, 2021 and August 15, 2021 (the "Data Breach").

Visit <u>www.mhsdatasettlement.com</u> or call 1-844-709-1197 for more information.

---

**Tucker v. Marietta Area Health Care, Inc.**
P.O. Box 5144
Baton Rouge, LA 70821

PRESORTED
FIRST CLASS
U.S. POSTAGE
**PAID**
FPI

ELECTRONIC SERVICE REQUESTED

CLASS MEMBER ID: [claim Id]
[FIRST NAME] [LAST NAME]
[ADDRESS1]
[ADDRESS2]
[CITY] [STATE] [ZIP]



Postal Service: Do Not Mark or Cover Barcode

IM47

**What Are The Settlement Benefits And Terms?** Under the Settlement, MHS has agreed to pay $1,750,000 into a Settlement Fund that will be distributed to Class Members who submit valid Claims, after deducting Class Counsel's attorneys' fees and expenses and settlement administration notice and administration costs, if such awards are approved by the Court. All Class Members may submit Claims to receive cash payments. Class Members who believe they suffered out-of-pocket expenses as a result of the Data Breach may claim up to $5,000 (subject to *pro rata* adjustment) for the reimbursement of sufficiently documented expenses. Class Members who spent time reviewing their personal information as a result of the Data Breach may claim up to $100. An estimated $50 *pro rata* cash payment may be made to claimants if there is a remaining balance in the Settlement Fund after payments for valid Claims, settlement administration costs and expenses, and attorneys' fees and expenses. These cash payment amounts may not be $50, as they will be adjusted upwards or downwards depending on the amount of valid Claims. More information about the types of Claims and how to file them is available at www.mhsdatasettlement.com ("Settlement Website").

**What Are Your Rights And Options?**

**Submit a Claim Form.** To qualify for a cash payment, you must timely mail a Claim Form attached to this notice or complete and submit a Claim Form online at www.mhsdatasettlement.com. Your Claim Form must be postmarked or submitted online **no later than October 15, 2023.** Postlethwaite & Netterville ("P&N") is the Settlement Administrator. **Opt Out**. You may exclude yourself from the Settlement and retain your ability to sue MHS on your own by mailing a written request for exclusion to the Settlement Administrator postmarked no later than September 15, 2023. If you do not exclude yourself, then you will be bound by the Settlement and give up your right to sue regarding the Released Claims. **Object**. If you do not exclude yourself, you have the right to object to the Settlement. Written objections must be signed, postmarked **no later than September 15, 2023,** and provide the reasons for the objection. Visit www.mhsdatasettlement.com for more details. **Do Nothing**. If you do nothing, you will not receive a Settlement payment and will lose the right to sue regarding the released claims. You will be bound by the Court's decision because this is a conditionally certified class action.

**Attend the Final Approval Hearing.** The Court will hold a **Final Approval Hearing at 11:00 a.m. ET on December 4, 2023,** to determine if the Settlement is fair, reasonable, and adequate. All persons who timely object to the Settlement may appear at the Final Approval Hearing.

**Who Are the Attorneys for the Plaintiffs and the proposed Class?** The Court appointed: Terence R. Coates of Markovits, Stock & DeMarco, LLC; Joseph M. Lyon of The Lyon Firm, LLC; Gary Mason of Mason LLP; and Jeffery S. Goldenberg of Goldenberg Schneider, Co, LPA as Class Counsel to represent the Class.

**Do I Have Any Obligation to Pay Attorneys' Fees Or Expenses?** No. The attorneys' fees and expenses will be paid exclusively from the Settlement Fund as awarded and approved by the Court. The attorneys' fees will be in an amount of up to $583,333.33 and the expenses will not exceed $15,000. The Attorney Fee and Expense Application will be posted on the Settlement Website after it is filed with the Court. Plaintiffs will also seek Class Representative Service Awards in the amount of $5,000 for each Class Representative.

**Who is the Judge Overseeing this Settlement?** Judge Sarah D. Morrison, United States District Court, Southern District of Ohio.

**Where may I locate a copy of the settlement agreement, learn more about the case, or learn more about submitting a claim?** Please visit www.mhsdatasettlement.com.

*** Please note that if you wish to submit a Claim for compensation for out-of-pocket expenses on the attached Claim Form, you will likely need to submit your Claim online so you may attach all information necessary to support your request for payment. A longer version of the Claim Form may be accessed on the Settlement Website.

Business Reply Mail Content

# <u>Claim Form</u>

**Claims must be postmarked no later than October 15, 2023. You may also submit a Claim Form online no later than October 15, 2023.**

Name: _____

Address:_____

<u>**Monetary Compensation**</u> - **You may file Claims for <u>one or more</u> of the benefits in Sections 1, 2 and 3 below.**

1. ***Pro Rata* Cash Payment of $50:** Would you like to receive a *pro rata* cash payment of $50? (circle one):     Yes          No
If you are a Class Member, you may receive a $50 cash payment, which may be increased or decreased *pro rata* from funds remaining in the Settlement Fund after all claims are submitted and deductions are made from the Settlement Fund.

2. **Lost Time:** Members of the Class may submit a Claim for Lost Time at a rate  of $25/hour if at least one hour of time was spent in response to the Data Breach on  remedying fraud, identity theft, or other alleged misuse of personal information caused by the Data Breach, or time spent on preventative and remedial measures to protect personal information caused by the Data Breach. You may claim up to 4 hours of lost time at $25 per hour ($100 maximum) under this settlement benefit. Claims for lost time can be combined with claims for Out-of-Pocket loss but are subject to the $5,000 cap for Out-of-Pocket losses.

**I spent (circle one if applicable):          1          2          3          4          hours**

3. **Out-of-Pocket Expenses:** I am submitting a Claim for out-of-pocket monetary expenses in the amount of $_____ (not more than $5,000)  on account of out-of-pocket expenses and/losses I incurred as a result of the  Data Breach. I understand that I am required to provide third-party documentation to support my Claim for Out-of-Pocket Expenses, such as providing copies of any receipts, bank statements, or other documentation supporting my claim. I understand that "self-prepared" documents are insufficient to receive payment. I understand the Settlement Administrator may contact me for additional information before processing my claim. I understand that if I lack information supporting my Claim, then I will likely not receive compensation for this Settlement benefit. I understand any monetary compensation I may receive under the Settlement for out-of-pocket monetary expenses is capped at $5,000.

**By signing my name below, I swear and affirm that the information included on this Claim Form is true and accurate, and that I am completing this Claim Form to the best of my personal knowledge.**

Class Member ID: [claim ID]     Signature:_____

Questions? Visit www.mhsdatasettlement.com or call 1-844-709-1197.

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

*Tucker v. Marietta Area Health Care*, No. 2:2022-CV-184
<u>A court has authorized this notice. This is not a solicitation from a lawyer.</u>

---

**If You Were Subject to the Marietta Area Health Care, Inc., dba Memorial Health System ("MHS') Data Breach and Previously Received a Notice Letter Notifying You of the Data Breach, You Could be Eligible for a Payment from a Class Action Settlement**

---

- You may be eligible to receive a payment from a proposed $1,750,000 non-reversionary class action settlement (the "Settlement Fund").
- The class action lawsuit concerns a cyberattack experienced by MHS between July 10, 2021, and August 15, 2021 (the "Data Breach") involving MHS in which it was determined that an unauthorized third party may have gained access to certain MHS files containing customers' names, Social Security numbers, medical/treatment information, health insurance information, other protected health information as defined by Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and additional personally identifiable information ("PII") and protected health information ("PHI") that defendant collected and maintained (collectively referred to in this Settlement as "Private Information"). MHS denies any wrongdoing and denies that it has any liability but has agreed to settle the lawsuit on a classwide basis.
- To be eligible to make a claim, you must have received a notice letter of the MHS Data Breach that occurred between July 10, 2021 and August 15, 2021.
- Eligible claimants under the Settlement Agreement will be eligible to receive one, two, and/or three of the following Settlement benefits:

  ❖ **<u>Pro Rata Cash Payment</u>: $50 cash payment from the Settlement Fund that will be increased or decreased *pro rata* depending on the amount remaining in the Settlement Fund after allocation of the Settlement Fund for reimbursement of documented Out-of-Pocket Expenses, payments for lost time, attorneys' fees and expenses, and Notice and Administrative Expenses.**

  ❖ **<u>Out-of-Pocket Expenses</u>: Reimbursement for the actual amount of unreimbursed Out-of-Pocket Expenses or expenses up to $5,000, with supporting documentation of the monetary losses or expenses; and/or**

  ❖ **<u>Lost-Time</u>: Compensation of up to $100 for time spent dealing with issues related to the Data Breach, including but not limited to reviewing your accounts, enrolling in credit protection services, or responding to fraud, identity theft, or other alleged misuse of your personal information that is fairly traceable to the Data Breach. Claims for lost time can be combined with claims for Out-of-Pocket Expenses but are subject to the $5,000.00 cap. All payments to Class Members for valid claims under the Settlement might be reduced *pro rata*, including those for Out-of-Pocket Expenses and Lost-Time,**

**depending on the total number of valid claims submitted.**

- For more information or to submit a claim visit **www.mhsdatasettlement.com** or call 1-844-709-1197.
- **Please read this notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

|  | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | The only way to receive payment. | Submitted or Postmarked on or Before **October 15, 2023** |
| **Exclude Yourself By Opting Out of the Class** | Receive no payment. If you are a Class Member, you must exclude yourself from this class action settlement in order to retain your right to bring any other lawsuit against Defendant for the same claims. | Submitted or Postmarked on or Before **September 15, 2023** |
| **Object to the Settlement and/or Attend the Fairness Hearing** | You can write the Court about why you agree or disagree with the Settlement. The Court cannot order a different Settlement. You can also ask to speak to the Court at the Final Approval Hearing on **December 4, 2023,** about the fairness of the Settlement, with or without your own attorney. | Received on or Before **September 15, 2023** |
| **Do Nothing** | Receive no payment. Give up rights if you are a Class Member. | No Deadline. |

- Your rights and options as a Class Member – and the deadlines to exercise your rights – are explained in this notice.
- The Court still will have to decide whether to approve the Settlement. Payments to Class Members will be made if the Court approves the Settlement and after any possible appeals are resolved.

## What This Notice Contains

Basic Information...............................................................................................................3

Who is in the Settlement......................................................................................................3

The Settlement Benefits—What You Get if You Qualify...................................................4

How do You Submit a Claim...............................................................................................5

What Does Defendant Get...................................................................................................5

Excluding Yourself from the Settlement.............................................................................5

Objecting to the Settlement.................................................................................................6

The Lawyers Representing You...........................................................................................7

The Court's Fairness Hearing .............................................................................................8

**If You Do Nothing**……………………………………….…………..……...……….....................8

**Getting More Information**………………………………………………...………...................8

## BASIC INFORMATION

| 1. Why is there a notice? |
| --- |

The Court authorized this notice because you have a right to know about the Settlement, and all of your options before the Court decides whether to give "final approval" to the Settlement. This notice explains the nature of the lawsuit that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

Judge Sarah D. Morrison of the United States District Court for the Southern District of Ohio case captioned as Tucker v. Marietta Area Health Care. The individuals who brought the lawsuit, Plaintiffs Kathleen Tucker, Sharon Chaddock, Gerald Davis, Donna Acree, Cindy Beaver, and Sherry Morris, are called the Plaintiffs. The entity being sued, MHS, called the Defendant.

| 2. What is this lawsuit about? |
| --- |

The lawsuit claims that Defendant was responsible for the Data Breach and that Plaintiffs were injured as a result of the Data Breach.

Defendant denies these claims and says it did not do anything wrong. No court or other judicial entity has made any judgment or other determination that Defendant has any liability for these claims or did anything wrong.

| 3. Why is this lawsuit a class action? |
| --- |

In a class action, one or more people called class representatives or representative plaintiffs sue on behalf of all people who have similar claims. Together, all of these people are called a class, and the individuals are called class members. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. Why is there a Settlement? |
| --- |

The Court has not decided in favor of the Plaintiffs or Defendant. Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to members of the Class ("Class Members"). The Class Representatives appointed to represent the Class and the attorneys for the Class ("Class Counsel," see Question 18) think the Settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT?

| 5. How do I know if I am part of the Settlement? |
| --- |

You are affected by the Settlement and potentially a member of the Class if you reside in the United States and your Private Information may have been compromised in connection with the Data Breach, including if you were mailed a notification by or on behalf of MHS regarding the Data Breach.

Only Class Members are eligible to receive benefits under the Settlement. Specifically excluded from the Class are (i) all Persons who timely and validly request exclusion from the Class, (ii) the Judge

assigned to evaluate the fairness of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Breach or who pleads *nolo contendere* to any such charge.

## 6. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are included in the Settlement, you may call 1-844-709-1197 with questions. You may also write with questions to:

MHS Data Settlement Administrator
PO Box 5144
Baton Rouge, LA 70821
**www.mhsdatasettlement.com**

## THE SETTLEMENT BENEFITS – WHAT YOU GET IF YOU QUALIFY

## 7. What does the Settlement provide?

The Settlement provides that Defendant will fund the following payments up to a total of $1,750,000: (a) $25 per hour for up to 4 hours, up to a total of $100, for Class Members who attest that the time claimed was actually spent as a result of the Data Breach; (b) up to $5,000 for reimbursement of your documented Out-of-Pocket Expenses reasonably traceable to the Data Breach; and (c) a *pro rata* $50 payment, subject to adjustment as set forth below.

The $50 *pro rata* payment will be dispersed after the distribution of attorneys' fees, Class Counsel's litigation expenses, Notice and Administrative Expenses, and other Settlement benefits to claimants. The other Settlement benefits are also subject to *pro rata* reduction as needed in the event that the total claims exceed the $1,750,000 cap on payments to be made by Defendant, and payments may also be increased on a *pro rata* basis until the Settlement Fund is distributed. Payment of (1) attorneys' fees, costs, and expenses (see Question 19) and (2) the costs of notifying the Class and administering the Settlement will also be paid out of the Settlement Fund.

## 8. What payments are available for reimbursement under the Settlement?

Class Members who submit a claim are eligible to receive:

a) A potential residual cash payment of the remainder funds, which is estimated to be $50 but may adjusted upward or downward *pro rata* based on how many other claims are made.

b) Compensation for time spent (lost time) remedying issues related to the Data Breach, up to 4 hours at $25.00/hour for time spent in response to the Data Breach for a total amount of up to $100. Claims for lost time can be combined with claims for Out-of-Pocket Expenses but are subject to the $5,000 cap.

c) Reimbursement of actual, documented, unreimbursed Out-of-Pocket Expenses resulting from the Data Breach (up to $5,000 in total), such as the following incurred on or after July 10, 2021:
  • Unreimbursed losses relating to fraud or identity theft;
  • Professional fees including attorneys' fees, accountants' fees, and fees for credit repair services;
  • Costs associated with freezing or unfreezing credit with any credit reporting agency;

- 4 -

- Credit monitoring costs that were incurred on or after the Data Breach through the date of claim submission;
- Parking expenses or other transportation expenses for trips to a financial institution to address fraudulent charges or receive a replacement payment card;
- Instances of verified fraud such as fraudulent bank or credit card charges, fraudulent tax filings, fraudulent opening/closing of bank or credit accounts, unemployment filings, or other fraudulent actions taken using your information from the Data Breach;
- Miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and
- Other expenses that are reasonably attributable to the Data Breach that were not reimbursed.

## HOW DO YOU SUBMIT A CLAIM?

### 9.    How do I get a benefit?

To receive a benefit under the Settlement, you must complete and submit a claim for that benefit (a "Claim"). Every Claim must be made on a form ("Claim Form") available at **www.mhsdatasettlement.com** or by calling 1-844-709-1197. Claim Forms will also be sent to Class Members as part of the postcard notice and tear-off Claim Form that will be mailed to Class Members. Read the instructions carefully, fill out the Claim Form, provide the required documentation, and submit it according to the instructions on the Claim Form.

### 10.  How will claims be decided?

The Settlement Administrator will decide whether and to what extent any Claim made on each Claim Form is valid. The Settlement Administrator may require additional information. If you do not provide the additional information in a timely manner, then the Claim will be considered invalid and will not be paid.

### 11.  When will I get my payment?

The Court will hold a Final Approval Hearing on **December 4, 2023, at 11:00 a.m. ET** to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals from that decision, and resolving those can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

## WHAT DOES DEFENDANT GET?

### 12.  What am I giving up as part of the Settlement?

The Defendant gets a release from all claims covered by this Settlement. Thus, if the Settlement becomes final and you do not exclude yourself from the Settlement, you will be a Class Member and you will give up your right to sue Defendant and other persons ("Released Entities") as to all claims ("Released Claims") arising out of or relating to the Data Breach. This release is described in the Settlement Agreement, which is available at **www.mhsdatasettlement.com**. If you have any questions you can talk to the law firms listed in Question 18 for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of this Settlement, then you must take steps to exclude yourself from the Class. This is sometimes referred to as "opting out" of the Class.

**13. If I exclude myself, can I get a payment from this Settlement?**

No. If you exclude yourself you will not be entitled to receive any benefits from the Settlement, but you will not be bound by any judgment in this case.

**14. If I do not exclude myself, can I sue Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Defendant (and any other Released Parties) for the claims that this Settlement resolves. You must exclude yourself from the Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case. If you want to exclude yourself, then do not submit a Claim Form to ask for any benefit under the Settlement.

**15. How do I exclude myself from the Settlement?**

To exclude yourself, send a letter that says you want to be excluded or opt-out from the Settlement in *Tucker v. Marietta Area Health Care, Inc.*, No. 2:2022-CV-184, United States District Court, Southern District of Ohio. The letter must: (a) state your full name, address, and telephone number; (b) contain your personal and original signature or the original signature of a person authorized by law to act on your behalf; and (c) state unequivocally your intent to be excluded from the Settlement. You must mail your exclusion request postmarked by **September 15, 2023,** to:

MHS Data Settlement Administrator
Attn: Exclusion Request
PO Box 5144
Baton Rouge, LA 70821

**OBJECTING TO THE SETTLEMENT**

**16. How do I tell the Court that I do not like the Settlement?**

You can tell the Court that you do not agree with the Settlement or some part of it by objecting to the Settlement. The Court will consider your views in its decision on whether to approve the Settlement. The Court can only approve or deny the Settlement and cannot change its terms. To object, you must mail your objection to the Clerk of the Court and the Settlement Administrator, at the mailing addresses listed below, postmarked by **no later** than the Objection Deadline, **September 15, 2023**:

| Court | Settlement Administrator |
|---|---|
| Office of the Clerk<br>Joseph P. Kinneary U.S. Courthouse<br>85 Marconi Boulevard, Room 121<br>Columbus, Ohio 43215 | MHS Data Settlement Administrator<br>P.O. Box 5144<br>Baton Rouge, LA 70821 |

Your objection must be written and must include all of the following: (i) the objector's full name and address; (ii) the case name and docket number, *Tucker v. Marietta Area Health Care*, Case No. 2:22-cv-00184-SDM-EPD (S.D. Ohio); (iii) information identifying the objector as a Class Member, including proof that the objector is a member of the Class (e.g., copy of the objector's settlement notice, copy of original notice of the Data Breach, or a statement explaining why the objector believes he or she is a Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

## 17. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved. You can object only if you are a Class Member. Excluding yourself is telling the Court that you do not want to be part of the Class and do not want to receive any payment from the Settlement. If you exclude yourself, then you have no basis to object because you are no longer a member of the Class, and the case no longer affects you. If you submit both a valid objection and a valid request to be excluded, you will be deemed to have only submitted the request to be excluded.

## THE LAWYERS REPRESENTING YOU

## 18. Do I have a lawyer in this case?

Yes. The Court appointed Terence R. Coates of Markovits, Stock & DeMarco, LLC, 119 E. Court Street, Suite 530, Cincinnati, OH 45202; Joseph M. Lyon, The Lyon Firm, 2754 Erie Avenue, Cincinnati, OH 45208; Gary Mason, Mason LLP, 5101 Wisconsin Avenue, Suite 305, Washington, DC 20016; and Jeffery S. Goldenberg, Goldenberg Schneider Co., LPA, 4445 Lake Forest Drive, Suite 490, Cincinnati, OH 45242 as Class Counsel to represent the Class. If you want to be represented by your own lawyer, then you may hire one at your own expense.

## 19. How will the lawyers be paid?

Class Counsel will ask the Court for an award for attorneys' fees up to $583,333.33 plus litigation expenses not to exceed $15,000. Defendant has agreed not to object to any award of attorneys' fees, costs, and expenses up to those amounts, to the extent they are approved by the Court. This payment for any attorneys' fees and expenses to Class Counsel will be made out of the Settlement Fund. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement and will be the only payment to them for their efforts in achieving this

Settlement and for their risk in undertaking this representation on a wholly contingent basis.

Any award for attorneys' fees and expenses for Class Counsel must be approved by the Court. The Court may award less than the amount requested. Class Counsel's papers in support of final approval of the Settlement will be filed no later than November 20, 2023, and their application for attorneys' fees, costs, and expenses will be filed no later than August 30, 2023, and will be posted on the settlement website.

## THE COURT'S FINAL APPROVAL HEARING

### 20.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at **11:00 a. m. ET on December 4, 2023**, at Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Room 167, Columbus, Ohio 43215, or by remote or virtual means as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, then the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses. After the hearing the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional notice, so Class Counsel recommend checking **www.mhsdatasettlement.com** or calling 1-844-709-1197.

### 21.  Do I have to attend the hearing?

No. Class Counsel will present the Settlement Agreement to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an objection, you do not have to visit the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 16, the Court will consider it.

### 22.  May I speak at the hearing?

You may ask the Court for permission to speak at the final fairness hearing. To do so, you must file an objection according to the instructions in Question 16, including all the information required. Your objection must be **mailed** to the Clerk of the Court and Settlement Administrator postmarked no later than September 15, 2023.

## IF YOU DO NOTHING

### 23.  What happens if I do nothing?

If you do nothing you will not get any money from this Settlement. If the Settlement is granted final approval and the judgment becomes final, then you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant and the other Released Parties based on any of the Released Claims related to the Data Breach, ever again.

## GETTING MORE INFORMATION

| 24. How do I get more information? |
| --- |

This notice summarizes the proposed Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **www.mhsdatasettlement.com.** You may also call the Settlement Administrator with questions or to receive a Claim Form at 1-844-709-1197.

This Notice is approved by the United States District Court for the District of Ohio.

**DO NOT CONTACT THE COURT DIRECTLY IF YOU HAVE QUESTIONS ABOUT THE SETTLEMENT**. Please contact the Settlement Administrator or Class Counsel if you have any questions about the Settlement.

### CLAIM FORM FOR THE MARIETTA AREA HEALTH CARE, INC. D/B/A MEMORIAL HEALTH SYSTEM DATA BREACH BENEFITS

**USE THIS FORM TO MAKE A CLAIM FOR A PRO RATA CASH PAYMENT, LOST TIME PAYMENT, AND/OR OUT-OF-POCKET LOSS PAYMENT**

For more information, call 1-844-709-1197 or visit the website *www.mhsdatasettlement.com*
*Para una notificación en Español, pueda llamar 1-844-709-1197 o visitar nuestro sitio de web*
*www.mhsdatasettlement.com.*

**The DEADLINE to submit this Claim Form online (or have it postmarked for mailing) is**

**October 15, 2023**

## I.  GENERAL INSTRUCTIONS

If you were notified that your private information was potentially compromised in a cybersecurity attack experienced by Marietta Area Health Care, Inc. d/b/a Memorial Health System ("MHS"), you are a Class Member. The event that caused your data to be lost is referred to here as the "Data Breach."

The Settlement establishes a $1,750,000.00 fund to compensate Class Members for their lost time and out-of-pocket losses or expenses as well as for the costs of notice and administration, and attorneys' fees and expenses as awarded by the Court. As a Class Member, you are eligible for cash payments as reimbursement for your time and money spent in response to the Data Breach (such as money spent on credit monitoring), as well as for any money you lost as a result of incidents of fraud or identity theft caused by the Data Breach. You must fill out this claim form to receive these benefits. **You may submit a claim for one or more of these benefits, including that you may receive each of a lost time payment, out-of-pocket loss payment, and/or pro rata cash payment. All payments for valid claims under the Settlement, including those for Lost Time and Out-of-Pocket Expenses, may be reduced pro rata based on the total number of valid claims.**

The benefits are as follows:

### a.  $50 Pro Rata Cash Payment

After distributing funds for the claims payments set forth above to claimants, as well as attorneys' fees, Class Counsel's litigation expenses, and Administrative Fees, if there is any money left over, the Settlement Administrator will make pro rata settlement payments of the remaining Settlement Fund to each Settlement Class Member who submits a cash payment claim. The remaining amount of the Settlement Fund will be distributed pro rata for each Settlement Class Member who submits a valid claim, which may increase or decrease the $50 cash payment amount.

### b.  Lost Time Claims

You may submit a claim for reimbursement for time spent resolving issues attributable to the Data Breach. You will be reimbursed at $25/hour of time spent, **up to $100 total.** By filling out this claim form, you must attest to the amount of time you spent attempting to mitigate the effects of the Data Breach on your life. This can include, for example, time spent on the phone with banks, time spent dealing with replacement card issues or reversing fraudulent charges, time spent monitoring accounts, or time spent freezing your credit. **You do not have to include documentation of your lost time. Instead, you can swear, under penalty of perjury, to the amount of time you spent.** Claims for lost time can be combined with claims for Out-of-Pocket loss but are subject to the $5,000.00 cap.

**c.** **Out-of-Pocket Expenses**

You are eligible to receive reimbursement for money you paid to protect yourself from the Data Breach such as money spent on a credit monitoring service. You are also eligible to receive reimbursement for money you lost as a result of fraud or identity theft, if that money has not been reimbursed from another source. This includes:

- Unreimbursed losses relating to fraud or identity theft;
- Professional fees including attorneys' fees, accountants' fees, and fees for credit repair services;
- Costs associated with freezing or unfreezing credit with any credit reporting agency;
- Credit monitoring costs that were incurred on or after the Data Breach through the date of claim submission;
- Parking expenses or other transportation expenses for trips to a financial institution to address fraudulent charges or receive a replacement payment card;
- Instances of verified fraud such as fraudulent bank or credit card charges, fraudulent tax filings, fraudulent opening/closing of bank or credit accounts, unemployment filings, or other fraudulent actions taken using your information from the Data Breach; and
- Miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.
- Other expenses that are reasonably attributable to the Data Breach that were not reimbursed.

These Out-of-Pocket Expenses must be documented; you must submit copies of documents supporting your claims, such as receipts or other documentation. "Self-prepared" documents, such as handwritten receipts, will not count as documentation, but you can submit them as clarification to other, official documents.

### Completing the Claim Form

This Claim Form may be submitted online at **www.MHSdatasettlement.com** or completed and mailed to the address below. Please type or legibly print all requested information in blue or black ink. If submitting by U.S. mail, mail your completed Claim Form, including any supporting documentation, to:

MHS Data Settlement Administrator
P.O. Box 5144
Baton Rouge, LA 70821

## II.    CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes prior to distribution of cash payments, you must notify the Settlement Administrator in writing at the address above.

Claimant Name: _____

First Name                                                    MI        Last Name

Street Address: _____

Street Address Second Line:

_____

City: _____  State: _____  Zip Code: _____

Class Member ID:

_____

If you received a notice of this Settlement by U.S. mail, your Class Member ID is on the envelope or postcard.
If you received a notice of this Settlement by email, your Class Member ID is in the email.

E-mail Address: _____

[optional] Daytime Phone Number: ( _____ ) _____ - _____

[optional] Evening Phone Number: ( _____ ) _____ - _____

**You may submit a claim for one or more of these benefits:**

### 1)  CASH PAYMENT

**Pro Rata Cash Payment**: Would you like to receive a cash payment under the Settlement? **(circle one)**

**Yes            No**

\** The payment under this option will originally be set at $50; however, the value of the cash payment under this option will be increased or decreased pro rata based on the balance of the Settlement Fund after the payment of other benefits and attorneys' and settlement administrator fees and expenses.

### 2)  LOST TIME PAYMENT

☐ Please check this box here if you are electing to seek reimbursement for Lost Time you undertook to prevent or mitigate fraud and identity theft following the announcement of the Data Breach.

Class Members who elect to submit a Claim for Lost Time Payment may claim no more than $100 at $25/hour for up to four hours of time actually spent addressing issues arising from the Data Breach. If you are selecting reimbursement for Lost Time, you must fill in the blanks in this section and sign the certification below.

I _____ [Name] swear and affirm that I spent the amount of time noted in response to the MHS Data Breach.

Specifically, I spent the following number of hours in response to the Data Breach:
(circle one)                          1                      2                     3                     4

### 3)  REIMBURSEMENT FOR OUT-OF-POCKET EXPENSES

☐   Please check this box here if you are electing to seek reimbursement for unreimbursed **Out-of-Pocket Expenses** and such claimed losses above will total no more than $5,000.00. You must provide reasonable documentation of the claimed Out-of-Pocket Expenses. Self-attested documentation will not suffice.

**<u>Making a Claim for Out-of-Pocket Expenses</u>**

In order to make a claim for Out-of-Pocket Expenses, **<u>you must</u>** (i) fill out the information below, or fill out a separate sheet to be submitted with this Claim Form; (ii) sign the Certification at the end of this Claim Form (section III); and (iii) include reasonable documentation supporting each claimed loss along with this Claim Form. Out-of-Pocket Expenses need to be deemed fairly traceable to the Data Breach by the Settlement Administrator based on the documentation you provide and the facts of the Data Breach.

**<u>Failure to meet the requirements of this section may result in your claim being rejected by the Settlement Administrator.</u>**

| Out-of-Pocket Cost Type (Fill all that apply) | Approximate Date of Loss | Amount of Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| ☐ Unreimbursed fraud losses or charges. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $☐☐☐☐.☐☐ | *Examples: Account statement with unauthorized charges highlighted; Correspondence from financial institution declining to reimburse you for fraudulent charges.* Your documents: _____ _____ |
| ☐ Professional fees incurred in connection with identity theft or falsified tax returns. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $☐☐☐☐.☐☐ | *Examples: Receipt for hiring service to assist you in addressing identity theft; Accountant bill for re-filing tax return.* Your documents: _____ _____ _____ |
| ☐ Credit freeze. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $☐☐☐☐.☐☐ | *Example: Receipts or account statements reflecting purchases made for credit monitoring and insurance services.* Your documents: _____ _____ |
| ☐ Credit Monitoring ordered after receipt of the Data Breach Notice. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $☐☐☐☐.☐☐ | *Example: Receipts or account statements reflecting purchases made for credit monitoring and insurance services.* Your documents: _____ |
| ☐ Miscellaneous expenses such as notary, fax, postage, gas, copying, mileage, and long-distance telephone charges. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $☐☐☐☐.☐☐ | *Examples: Example: Phone bills, gas receipts, postage receipts; detailed list of locations to which you traveled (i.e. police station, IRS office) why you traveled there (i.e. police report or letter from IRS re: falsified tax return) and number of miles you traveled to remediate or address issues related to the Data Breach.* Your documents: _____ _____ |
| ☐ Lost interest or other damages resulting from a delayed state and/or federal tax refund in connection with fraudulent tax return filing. | ☐☐ / ☐☐ / ☐☐ (mm/dd/yy) | $☐☐☐☐.☐☐ | *Examples: Letter from IRS or state about tax fraud in your name; Documents reflecting length of time you waited to receive federal and/or state tax refund and the amount of any tax refund that you did not receive due to the tax fraud.* Your documents: _____ |

| | | | |
|---|---|---|---|
| ☐ Other (provide detailed description). | ☐☐ / ☐☐ / ☐☐ <br> (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Please provide detailed description below or in a separate document submitted with this Claim Form.* <br> Your documents: _____ <br> _____ |
| ☐ Fraudulent bank or credit card charges. | ☐☐ / ☐☐ / ☐☐ <br> (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Account statement with unauthorized charges highlighted; correspondence with credit card company disputing the charges.* <br> Your documents: _____ <br> _____ |
| ☐ Fraudulent tax filings. | ☐☐ / ☐☐ / ☐☐ <br> (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Letter from IRS or state about tax fraud in your name; Accountant bill for re-filing tax return.* <br> Your documents: _____ <br> _____ <br> _____ |
| ☐ Opening of bank accounts and/or credit cards in your name. | ☐☐ / ☐☐ / ☐☐ <br> (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Notification from bank of new credit card or account; correspondence with bank about closing the account.* <br> Your documents: _____ <br> _____ <br> _____ |
| ☐ Government benefits taken in your name. | ☐☐ / ☐☐ / ☐☐ <br> (mm/dd/yy) | $ ☐☐☐☐ . ☐☐ | *Examples: Notification of unemployment benefits being taken; correspondence with agency regarding issue.* <br> Your documents: _____ <br> _____ <br> _____ |

If you **do not submit** reasonable documentation supporting a claim for Out-of-Pocket Expenses, or your claim for an Out-of-Pocket Expenses payment is rejected by the Settlement Administrator for any reason and you do not cure the defect, only your claims for Lost Time and/or Pro Rata Cash Payments, if such claims are made, will be considered.

## III.   CERTIFICATION

By submitting this Claim Form, I certify that I am eligible to make a claim in this settlement and that the information provided in this Claim Form and any attachments are true and correct. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I understand that this claim may be subject to audit, verification, and Court review and that the Settlement Administrator may require supplementation of this Claim or additional information from me. I also understand that all claims

for payments under this Settlement are subject to the availability of settlement funds and may be reduced in part or in whole, depending on the type of claim and the determinations of the Settlement Administrator.

Signature: _____     Date: _____

Print Name: _____

# Exhibit C

| Exclusion Requests | | | | |
|---|---|---|---|---|
| Tucker v. Marietta Area Health Care, Case No. 2:22-cv-00184-SDM-EPD | | | | |
| Count | First Name | Last Name | State | Postmark Date |
| 1 | Jerry | Rippy | OH | 7/28/2023 |
| 2 | Robert | Randolph | FL | 8/14/2023 |
| 3 | Teresa | Warren | OH | 8/24/2023 |
| 4 | Todd | Warren | OH | 8/24/2023 |
| 5 | John | Conlon | OH | 9/11/2023 |
| 6 | Barbara | Conlon | OH | 9/11/2023 |
| 7 | Ramsay | Tisher | OH | 8/31/2023 |
| 8 | Amy | Tisher | OH | 8/31/2023 |
| 9 | Colton | Tisher | OH | 8/31/2023 |
| 10 | Kinsley | Tisher | OH | 8/31/2023 |
| 11 | Brie | Tisher | OH | 8/31/2023 |